UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| JAMES STRIBLIN,<br>Institutional ID No. 2178232<br><br>Plaintiff,<br><br>v.<br><br>CLAYTON BURKHART, *et al.*,<br><br>Defendants. | No. 1:23-CV-00094-H |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND**
<u>**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**</u>

The United States Magistrate Judge made findings, conclusions, and a recommendation (FCR) in this case. Dkt. No. 68. Plaintiff filed objections, Dkt. No. 74, which Defendants move to strike as untimely. Dkt. No. 75. As explained below, the Court strikes, and alternatively, overrules Plaintiff's objections. And, after appropriate review, the Court accepts and adopts the Magistrate Judge's FCR. Thus, the Court grants Defendants Burkhart, Sanders, Counts, and Norton's motion for summary judgment, denies Plaintiff's motion for summary judgment, and dismisses Plaintiff's claims against Defendants Boulder and Ferguson for failure to prosecute.

**1.    Background**

Plaintiff James Striblin, a self-represented state prisoner proceeding *in forma pauperis*, brought this civil action under 42 U.S.C. § 1983 against various officers at TDCJ's Robertson Unit, complaining about an altercation with some of the officers and the events that followed. After judicial screening, the only claims that remain in this case are

Plaintiff's claims against Defendants Burkhart and Sanders for excessive use of force and his claims against Defendants Counts, Norton, Boulder, and Ferguson for deprivation of food.

Defendants Boulder and Ferguson could not be identified or located based on the available information, so they were never served and have not appeared. Defendants Burkhart, Sanders, Counts, and Norton filed a motion for summary judgment on qualified immunity, with a brief and appendix in support. Dkt. Nos. 59, 60, 61. Plaintiff filed a bare-bones motion for summary judgment with his response to the appearing defendants' motion for summary judgment. Dkt. No. 65. He primarily argued that the defendants omitted "essential evidence" from their motion for summary judgment—the surveillance video showing the altercation between Plaintiff and Burkhart that led to the use of force. *Id.* He insisted that the surveillance video would prove his claims.

The Magistrate Judge granted Plaintiff's request to supplement the record with the surveillance video, which the Court received with other authenticated records during judicial screening. Dkt. No. 68. But the Magistrate Judge found that the video did not support Plaintiff's claims and recommended that the Court deny Plaintiff's motion for summary judgment and grant Defendants' motion for summary judgment. *Id.* The Magistrate Judge also recommended that the Court dismiss Plaintiff's claims against Defendants Boulder and Ferguson for want of prosecution, unless Plaintiff promptly provided the information required to effect service of process on them.

On Plaintiff's motion, the Court briefly stayed the case and extended Plaintiff's deadline to object to the FCR until April 7, 2025, to give Plaintiff an opportunity to review the video evidence. Dkt. No. 72. The Court lifted the stay and reopened the case on April 17, 2025, noting that Plaintiff did not object or seek another extension of time to do so, and

sufficient time had passed to ensure the operation of the mailbox rule. Dkt. No. 73. The next day, the Court received Plaintiff's objections. Dkt. No. 74. Defendants moved to strike Plaintiff's objections as untimely. Dkt. No. 75.

As explained below, the Court finds that Plaintiff's objections were untimely and grants Defendants' motion to strike. Alternatively, even if the objections were timely filed, the Court overrules them. And, after appropriate review, the Court accepts and adopts the Magistrate Judge's FCR. Thus, the Court grants Defendants Burkhart, Sanders, Counts, and Norton's motion for summary judgment, denies Plaintiff's motion for summary judgment, and dismisses Plaintiff's claims against Defendants Boulder and Ferguson for failure to prosecute.

2.   **Analysis**

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(a)(3); *see* 28 U.S.C. § 636(b)(1). In contrast, the district judge reviews any unobjected-to findings, conclusions, and recommendations for plain error.

A.   **Defendants Boulder and Ferguson**

Plaintiff did not object to the Magistrate Judge's recommendation that the Court dismiss his claims against Defendants Boulder and Ferguson, nor did he provide additional information to aid in identifying or locating them. The Court independently examined the record in this case and the Magistrate Judge's recommended disposition of these claims. Finding no plain error, the Court accepts and adopts those portions of the Magistrate

Judge's report. Thus, Plaintiff's claims against Defendants Boulder and Ferguson are dismissed without prejudice[1] for want of prosecution.

### B.   Defendants' motion to strike

Plaintiff objected to the remaining portions of the Magistrate Judge's FCR. Dkt. No. 74. But Defendants Burkhart, Sanders, Norton, and Counts move to strike the objections as untimely. Dkt. No. 76.

Plaintiff dated his objections April 5, 2025—two days before his deadline for filing them. Dkt. No. 74. But Plaintiff did not specify the date he delivered the objections to prison officials for mailing. *See id.*; *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (finding that prisoner's pro se pleading may be deemed "filed" as of the date he deposited it in the prison mail system). The envelope bearing his objections is postmarked April 15, 2025—ten days after the date he wrote on the pleading and more than a week after the deadline passed. *Id.* The Court received the objections three days later, on April 18, 2025—eleven days after the deadline.

After reviewing the record, including other filings by Plaintiff,[2] the Court concludes that Plaintiff's objections were not filed before the extended April 7 deadline. Thus, the Court grants Defendants' motion to strike them as untimely. As a result, the Court need only review the Magistrate Judge's report for plain error. And after an independent review,

---

[1] The Court recognizes that this dismissal may operate with prejudice because of the application of the statute of limitations.

[2] For example, Plaintiff's motion for summary judgment and response to Defendants' motion for summary judgment, Dkt. No. 65, includes a declaration that he placed it in the prison mailbox on August 25, 2024. The envelope is postmarked the next day, August 26, 2024, and the document was received by the Clerk three days later, on August 29, 2024. Similarly, other motions filed by Plaintiff include a declaration of the date of mailing, and each is postmarked within a day or two, and received by the Clerk in another few days. *See, e.g.*, Dkt. Nos. 52, 57, 62.

the Court finds no plain error in the Magistrate Judge's recommendation. Thus, the Court accepts and adopts the Magistrate Judge's report, grants Defendants' motion for summary judgment, and denies Plaintiff's motion for summary judgment.

### C.  Plaintiff's objections

Even if Plaintiff's objections were timely, the Court would overrule them. And, even after conducting a de novo review, the Court finds that the Magistrate Judge's findings, conclusions, and recommendations are correct.

#### i.  Deprivation-of-food claim

Plaintiff's objection to the dismissal of his deprivation-of-food claim consists of a single, conclusory sentence, insisting that "there was evidence that [he] lost 15 pounds in 7 days" as a result of his being denied meals. But he does not actually point to any specific evidence in the record to support his claim. And, just as the Magistrate Judge found, Plaintiff's unsubstantiated assertion is not enough to create a genuine issue of material fact in light of the record evidence showing that he did receive food and that he suffered no injury above a de minimis level. Additionally, Plaintiff failed to address the Magistrate Judge's finding that Plaintiff's specific factual allegations against Defendants Counts and Norton are "thin" and fail to support a finding of subjective deliberate indifference. *See* Dkt. No. 68 at 37–39. Thus, Plaintiff's objection is overruled, and his deprivation-of-food claims against Defendants Counts and Norton are dismissed with prejudice.

#### ii.  Excessive-force claim

Plaintiff focuses most of his energy on the Magistrate Judge's analysis of his excessive-force claim against Defendants Burkhart and Sanders. Plaintiff contends that the Magistrate Judge's conclusions rest on improper credibility determinations. Dkt. No. 74.

Plaintiff asserts that the Magistrate Judge should not have discredited his allegations because the video evidence did not directly contradict them. *Id.*

But the video does blatantly contradict many of Plaintiff's claims. And, as discussed by the Magistrate Judge, although some of the altercation cannot be clearly seen on the video, what can be seen removes any genuine dispute over the material facts.

First, the video shows that Plaintiff and Defendant Burkhart were having a calm, unanimated discussion when Plaintiff sucker punched Burkhart in the face with a closed fist, without any warning or apparent provocation, hard enough that Burkhart's head snapped backward violently. As discussed by the Magistrate Judge, this blatantly contradicts Plaintiff's assertion that he did not strike Burkhart but merely tried to snatch his transfer bag away from the officer. Plaintiff was later charged with assaulting Burkhart, pled no contest, was found guilty, and that conviction has not been overturned. The events that followed were all part of the same violent encounter.

Next, after a moment of stunned inaction, Burkhart strikes back at Plaintiff, and the video shows that other officers, including Defendant Sanders, swarm in and take Plaintiff to the ground. As described by the Magistrate Judge, the video shows that it takes the responding officers about a minute to gain full control of Plaintiff and apply arm and leg restraints. Plaintiff contends that, after he was fully restrained and no longer resisting, Defendant Burkhart choked him into unconsciousness as Defendant Sanders hit him with a baton. Then, Plaintiff alleges that after he regained consciousness, Defendant Burkhart kicked him in the face. The problem for Plaintiff is that the video shows that, about a minute after Plaintiff is taken to the ground, and as soon as he is fully restrained, Defendant Burkhart stands up and promptly walks away, followed quickly by Defendant Sanders.

Plaintiff's objections repeat his earlier arguments, which the Magistrate Judge thoroughly addressed. As the Magistrate Judge concluded, other than Plaintiff's unsubstantiated allegation, there is nothing in the summary judgment evidence, including the video offered by Plaintiff, from which a reasonable juror could conclude that Plaintiff was immediately passive and restrained upon hitting the ground. Nor is there evidence from which a reasonable juror could conclude that the alleged chokehold, if any, was unconstitutional in either its use, duration, or proportionality to the need. Dkt. No. 68 at 19.

The Magistrate Judge correctly acknowledged that the video does not clearly depict Defendant Burkhart's feet as he left Plaintiff in the hands of the other responding officers. So, the video does not conclusively disprove Plaintiff's allegation that Burkhart kicked him as he walked away. But the Magistrate Judge's analysis does not stop there. He goes on to discuss the alleged kick in light of the applicable law, with an emphasis on Plaintiff's pleadings. Specifically, the Magistrate Judge concluded that Plaintiff had failed to attribute any of his injuries to the alleged kick. And although Plaintiff had sustained more than de minimis injuries by the time the altercation was done, he acknowledged that both officers and inmates get hurt in takedowns like his.

In sum, Plaintiff disagrees with the Magistrate Judge's conclusions, but he does not show that the Magistrate Judge made improper credibility determinations in light of the video evidence or that he failed to draw all reasonable inferences in Plaintiff's favor. Nor does Plaintiff show that the Magistrate Judge's thorough consideration of the facts in light of each of the *Hudson*[3] factors was incorrect. Thus, as discussed by the Magistrate Judge,

---

[3] See *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

Plaintiff has not overcome Defendant Burkhart and Sanders' entitlement to qualified immunity.

### 3. Conclusion

For these reasons, the Court accepts and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge. As a result, the Court dismisses Plaintiff's claims against Defendants Boulder and Ferguson for failure to prosecute, denies Plaintiff's motion for summary judgment, and grants Defendants Burkhart, Sanders, Counts, and Norton's motion for summary judgment. Plaintiff's complaint and all remaining claims are dismissed with prejudice. The Court will enter judgment accordingly.

So ordered.

Dated August 4, 2025.

JAMES WESLEY HENDRIX
United States District Judge